TEKER TORRES & TEKER, P.C.
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891-4
FACSIMILE: (671) 472-2601

*Attorneys for Defendant*
*Quang Tam Huynh*

**FILED**
DISTRICT COURT OF GUAM
OCT - 5 2005
MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

----------

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL CASE NO. CR04-00050 |
| Plaintiff, | ) | |
| vs. | ) | **DEFENDANT QUANG TAM HUYNH'S SENTENCING BRIEF** |
| QUANG TAM HUYNH, | ) | |
| Defendant. | ) | |

----------

Defendant, Quang Tam Huynh, hereby submits his Sentencing Brief for the Court's consideration.

**I.**

**DEFENDANT DOES NOT OBJECT TO THE PRESENTENCE INVESTIGATION REPORT.**

Defendant, Quang Tam Huynh, does not object to the Presentence Investigation report by the United States Probation Office, except for the incarceration recommendation.

///

///

## II.

**FACTORS FOR THE COURT TO CONSIDER AT SENTENCING.**

Pursuant to the "Advisory" Federal Sentencing Guidelines and 18 U.S.C. 3553, there are various factors that the Court should consider at sentencing. Below are the following factors that the Defendant wishes the Court to consider with respect to his sentencing.

  A. §5H1.6. *Family ties and responsibilities.*

Defendant has numerous familial ties and responsibilities. Defendant has one child whom he is supposed to be paying chid support to, and several family members residing in the United States and requests the Court to take this into consideration regarding his sentence.

  B. §5H1.7. *Role in the offense.*

Defendant was clearly a minor participant in this offense and this is Defendant's first experience in money laundering. Defendant is sorry for what he has done, and according to one of the main participants, Kimmi Dang, Defendant did not know that the money he was depositing was from drug proceeds.

  C. §5H1.8. *Criminal history.*

Defendant, during his life in the United States of America, has committed no crimes. Defendant is not a career felon or a continuing criminal and requests that the Court will take this into consideration at his sentencing.

  D. *Retribution, Deterrence, Nature of Offense, Rehabilitation, Types of Sentence Available, and Restitution.*

   a. *Retribution.* In the instant case, there is no need for retribution against Defendant. Defendant has already served over 160 days of incarceration, has paid his sentence in

TEKER TORRES & TEKER, P.C.
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891-4

-2-

months in jail, worry, anxiety and further imprisonment would serve no purpose.

    b. ***Deterrence.*** There is no need to deter the Defendant from committing such acts in the future. Defendant would not commit such a crime again. With respect to deterring others, the continued imprisonment of Defendant will do nothing to deter others from committing similar crimes.

    c. ***Nature of Offense.*** Defendant was convicted of money laundering, however, it was a relatively small amount. Defendant believed that the money was legitimate, coming from his girlfriend's business. Although the Defendant was convicted by a jury for said offense, this should not preclude the Court from being lenient with the Defendant.

    d. ***Rehabilitation.*** In the instant case, there is a need to rehabilitate the Defendant. This is the first offense for the Defendant and the Defendant still maintains that he believed the money was legitimate proceeds from Ms. Dang's business, therefore, no rehabilitation is required. However, Defendant requests that he be placed in a drug treatment program with B.O.P. due to the fact that this case involves drugs, and Defendant, if incarcerated further, would like to learn about drugs, drug treatment and rehabilitation.

    e. ***Types of Sentences available.*** It is Defendant's sincere hope that the Court, taking into consideration all of the factors listed, that Defendant would fall into a category which would allow probation and/or home confinement, and Defendant humbly begs the Court to consider this request. In the alternative, Defendant requests that he be given the lowest sentence possible as it seems he may be deported, hence saving the government money by housing him for a long period of time.

    f. ***Restitution.*** There is no restitution in the instant case.

///

### III.

### FINAL FACTORS FOR THE COURT TO CONSIDER.

Defendant is an Asian male raised in Vietnam, who is unsophisticated in the realm of American laws and justice. The Defendant has only committed this offense once and has no criminal history. Based on all of these factors, the Defendant humbly asks the Court to impose a sentence of probation and/or home confinement.

Dated at Hagåtña, Guam, on October 5, 2005.

**TEKER TORRES & TEKER, P.C.**

By_____
**SAMUEL S. TEKER, ESQ.**
*Attorneys for Defendant, Quang Tam Huynh*

SST:cs
PLDGS:HUYNH, QUANG TAM:010

TEKER TORRES & TEKER, P.C.
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891-4