IN THE DISTRICT COURT OF GUAM
TERRITORY OF GUAM
**CRIMINAL MINUTES**
**SENTENCING**


FILED
DISTRICT COURT OF GUAM
OCT -6 2005
MARY L.M. MORAN
CLERK OF COURT

**CASE NO. CR-04-00050**            **DATE: 10/06/2005**

***

HON. LLOYD D. GEORGE, Designated Judge, Presiding
Court Recorder: Virginia T. Kilgore
Hearing Electronically Recorded: 8:35:47 - 8:54:05

Law Clerk: None Present
Courtroom Deputy: Virginia T. Kilgore
CSO: N. Edrosa

******************APPEARANCES**************************

**DEFT: QUANG TAM HUYNH**
( X ) PRESENT  ( X ) CUSTODY  ( ) BOND  ( ) P.R.

**ATTY: SAMUEL TEKER**
( X ) PRESENT  ( ) RETAINED  ( ) FPD  ( X ) CJA APPOINTED

U.S. ATTORNEY: KARON JOHNSON

AGENT:

U.S. PROBATION: STEPHEN GUILLIOT / MARIA CRUZ

U.S. MARSHAL: G. PEREZ

INTERPRETER: JANE HUA, previously sworn

LANGUAGE: Vietnamese

***

( X ) COURT STATES THE APPROPRIATE BASE OFFENSE LEVELS _____
    Base offense level: 12        Total offense level: 20        Criminal History Category: I

    NO OBJECTIONS BY THE GOVERNMENT AND DEFENSE

( X ) ATTORNEY FOR DEFENDANT ADDRESSES THE COURT:
Requested the Court to impose the minimuml sentence under the guidelines. He also requested for a judicial recommendation to Sheridan or Atwater in Sacramento. He further requested the Court to impose that while in prison the defendant attend a drug treatment program. He requested that the defendant be release to his prior third party custodian for 1 week so that he may take care of his personal affairs.

( ) DEFENDANT ADDRESSES THE COURT AND APOLOGIZES


( X ) GOVERNMENT ADDRESSES THE COURT AND MAKES ITS RECOMMENDATION:
Recommended 41 months incarceration and opposed counsel's request for defendant's release.

( ) LETTER(S) OF RECOMMENDATION RECEIVED BY THE COURT


NOTES/OTHER MATTERS:

Defense counsel had no objection to the presentence report. The probation officer opposed defense counsel's request for the release of the defendant.

SENTENCE: CR-04-00050    DEFENDANT: QUANG TAM HUYNH

(X) DEFENDANT COMMITTED TO THE BUREAU OF PRISONS FOR A TERM OF THIRTY THREE MONTHS ON COUNTS VII, VIII, IX, X, XII, XIII, XIV and XV TO BE SERVED CONCURRENTLY WITH CREDIT FOR TIME SERVED. WHILE IMPRISONED, THE DEFENDANT SHALL PARTICIPATE IN VOCATIONAL PROGRAMS APPROVED BY THE BUREAU OF PRISONS. DEFENDANT SHALL ALSO PARTICIPATE IN THE 500 HOUR DRUG TREATMENT PROGRAM.

(X) COURT RECOMMENDATION TO THE BUREAU OF PRISONS AT SHERIDAN OR TO ATWATER IN SACRAMENTO.

(X) UPON RELEASE FROM IMPRISONMENT, DEFENDANT IS PLACED ON SUPERVISED RELEASE FOR A TERM OF THREE YEARS.

THE TERM OF SUPERVISED RELEASE WILL INCLUDE THE FOLLOWING CONDITIONS:

1. DEFENDANT SHALL BE TURNED OVER TO A DULY AUTHORIZED IMMIGRATION OFFICIAL FOR DEPORTATION PROCEEDINGS PURSUANT TO 18 U.S.C. § 3583(d), AND WITH THE ESTABLISHED PROCEDURES PROVIDED BY THE IMMIGRATION AND NATURALIZATION ACT UNDER 8 U.S.C. § 1101. AS A FURTHER CONDITION OF SUPERVISED RELEASE, IF ORDERED DEPORTED, THE DEFENDANT SHALL REMAIN OUTSIDE AND SHALL NOT RE-ENTER THE UNITED STATES WITHOUT THE PERMISSION OF THE ATTORNEY GENERAL. IF DEPORTATION FAILS TO OCCUR AND THE DEFENDANT IS RELEASED FROM CONFINEMENT PENDING FURTHER IMMIGRATION PROCEEDINGS, HE SHALL IMMEDIATELY REPORT TO THE U.S. PROBATION OFFICE TO BEGIN HIS TERM OF SUPERVISED RELEASE.

2. DEFENDANT SHALL NOT COMMIT ANOTHER FEDERAL, STATE, AND LOCAL CRIME.

3. DEFENDANT SHALL NOT USE OR POSSESS ILLEGAL CONTROLLED SUBSTANCES.

4. DEFENDANT SHALL SUBMIT TO ONE (1) DRUG TEST WITHIN 15 DAYS OF RELEASE FRM CUSTODY, AND UP TO EIGHT DRUG TESTS PER MONTH THEREAFTER.

5. DEFENDANT SHALL SUBMIT TO THE COLLECTION OF A DNA SAMPLE AT THE DIRECTION OF THE U.S. PROBATION OFFICE.

6. DEFENDANT SHALL COMPLY WITH THE STANDARD CONDITIONS OF SUPERVISED RELEASE AS SET FORTH BY THE STATUTE.

7. DEFENDANT SHALL NOT POSSESS A FIREARM OR OTHER DANGEROUS WEAPON.

8. DEFENDANT SHALL REFRAIN FROM THE USE OF ANY AND ALL ALCOHOLIC BEVERAGES.

9. DEFENDANT BE REQUIRED TO PARTICIPATE IN A PROGRAM APPROVED BY THE U.S. PROBATION OFFICE FOR SUBSTANCE ABUSE WHICH MAY INCLUDE TESTING TO DETERMINE WHETHER THE DEFENDANT HAS REVERTED BACK TO THE USE OF DRUGS OR ALCOHOL, AND IT IS FURTHER RECOMMENDED THAT THE DEFENDANT MAKE A CO-PAYMENT FOR TREATMENT AT A RATE TO BE DETERMINED BY THE U.S. PROBATION OFFICE.

10. DEFENDANT SHALL PERFORM 400 HOURS OF COMMUNITY SERVICE AS APPROVED BY THE U.S. PROBATION OFFICE.

IT IS FURTHER ORDERED THAT THE DEFENDANT PAY TO THE UNITED STATES A SPECIAL ASSESSMENT FEE OF $800.00 TO BE PAID IMMEDIATELY AFTER SENTENCING.

PURSUANT TO SECTION 5E1.2(f) OF THE GUIDELINE RANGE, ALL FINES ARE WAIVED SINCE IT HAS BEEN DETERMINED THAT THE DEFENDANT DOES NOT HAVE THE ABILITY TO PAY.

COURT STATES THE JUSTIFICATION OF SENTENCE IMPOSED. DEFENDANT ADVISED OF HIS APPEAL RIGHTS. DEFENDANT REMANDED TO THE CUSTODY OF THE U.S. MARSHAL.